## Richmond.

## ELDER'S EX'ORS AND ALS. V. HARRIS AND ALS.

### February 2, 1882.

1. BANKRUPTCY—*Fraudulent deeds.*—Whether sound law or not that "a suit to set aside fraudulent deed made by bankrupt before his bankruptcy can only be maintained by his assignee," there must be an averment that there was such assignee duly appointed and qualified before the matter will be considered.

2. CHANCERY PRACTICE—*Amended answers.*—The cases are exceptional where amended or supplemental answers are allowed; never in material matters, unless upon evidence of surprise, or of mistake of a fact or a date. Code 1873, ch. 167, § 35, allowing *answer* to be filed at any time before final decree has no reference to amended or supplemental answers.

3. FRAUDULENT DEED—*Suit to set aside—Case at bar.*—Bill filed by a creditor in 1874 to set aside as fraudulent deed made by J. before he became a bankrupt (if ever he was one) to W, was taken for confessed as to grantor, but answered by grantee, who denied the fraud but made no reference to the bankruptcy of J or to his assignee. After long litigation, the fraud has been established and plaintiffs' rights fixed by this court, and the land, one subject of controversy, sold and sale confirmed, and the value of the personalty (the other subject) has been ascertained by a commissioner and the cause awaits the action of the court on exceptions to his report.

HELD:

    1. After all this it is too late to allow the alienee to file a supplemental answer and set up a new defence, the effect of which, if valid and sustained, would be to turn plaintiffs out of court.

    2. The supplemental answer, filed after this cause had been twice remanded, contains no averment of the appointment and qualification of any assignee in bankruptcy of J.

    3. The defence actually set up in that answer is a plea of *res judicata.* That plea is of no effect, because the plaintiffs in this case were not parties in the case wherein the decree relied on was rendered.

4. This court cannot decide upon the exceptions to the commissioner's report, because the court below has not passed on them; but does decide that the order awarding an issue is erroneous.

Appeal from decree of circuit court of Lunenburg county, June term, 1881, in suit of Thomas C. Elder and J. H. Elder, executors of B. Elder, deceased, and others, against John A. Harris, William A. Harris and Junius H. Harris. The bill was filed in July, 1874, to set aside as fraudulent a deed made by John A. Harris to Wm. A. Harris. It was taken for confessed as against the grantor. The grantee answered, denying the fraud, but making no allusion to the bankruptcy of the grantor, or to the appointment and qualification of his assignee. In September, 1874, the bill was dismissed on the ground that its allegations were not proved. On appeal to this court, that decree was reversed, and the deed declared fraudulent and void; the land directed to be sold, and an account of the personal property and of the rents and profits of the land to be taken, and the cause remanded to be proceeded in to a final decree in accordance with these principles. The land was sold, the sale confirmed, and the commissioner, to whom the accounts were referred, returned his report; whereupon the circuit court, in November, 1879, awarded an issue to ascertain the value of said personalty. From this decree plaintiffs appealed. This court dismissed the appeal as improvidently awarded, but admonished the court below that the issue was not in conformity with its duty in the further proceedings. At June term, 1881, a paper called the amended and supplemental answer of said Wm. A. Harris was allowed by the court below to be filed, although not sworn to nor signed by said Wm. A. Harris. This paper recited that P. A. Forbes, assignee of John A. Harris, bankrupt, in 1869, had on behalf of himself and others instituted a suit in said circuit court to set aside as fraudulent

the deed from John A. Harris to respondent; and that said suit had the same object as this, and was against respondent as one of the defendants. With answer was filed as an exhibit a copy of the bill marked "former suit." Respondent also answered that the "former suit" had been dismissed agreed, and that the supreme court of the U. S. had recently decided that no one but the assignee of a bankrupt can maintain a suit for the purpose of setting aside as fraudulent and void a deed which the bankrupt executed prior to his bankruptcy. . The assignee in bankruptcy had instituted his suit and failed, and he claimed that the object of the suit was *res judicata*, and prayed same benefit thereof as if the same had been fully and formally pleaded. To this answer no replication was filed. That exhibit showed that the suit was brought by P. A. Forbes, assignee of Robert Rosh, a bankrupt, suing for himself and other creditors of John A. Harris, and that the plaintiffs were not parties to it. Whereupon the circuit court dismissed with costs the bill of the plaintiffs, who obtained their third appeal to this court.

*H. L. Lee* and *J. Alfred Jones*, for appellants.

*W. H. Mann* and *Ould & Carrington*, for appellees.

BURKS, J., delivered the opinion of the court.

After this cause was remanded the last time, the defendant, William A. Harris, by leave of the court filed a supplemental answer to the bill. Though not sworn to, the filing does not appear to have been objected to; nor did the complainants reply. During the same term at which it was filed, the cause was heard upon it and the papers formerly read, and the bill was dismissed.

The sole ground upon which the dismissal is placed by

the decree is, that "a suit to set aside the fraudulent deed made by John A. Harris, bankrupt, before his bankruptcy, can only be maintained by the assignee of said bankrupt."

It is not necessary in this case to determine whether this proposition of law be sound or not, for even if it were correct, the facts in the record do not warrant its application. Though John A. Harris may have been adjudicated a bankrupt before the bill was filed, yet there is not a scintilla of proof that there was any assignee of his estate duly appointed and qualified. The new or additional answer, taken as true in the absence of a replication, does not aver it. Such averment was necessary if the question was intended to be raised. *Dewey and others* v. *Moyer and others,* 72 N. Y. 70. To be sure, it refers to a former suit as brought by P. A. Forbes, assignee of J. A. Harris, bankrupt, to set aside the deed made by Harris, but this is rather by way of recital, and the very record of that suit, exhibited with the answer, shows that the suit was brought, not by Forbes as assignee of Harris, but by said Forbes as assignee of the estate and effects of Robert Rosh, bankrupt. This certainly cannot be fairly considered as an averment that Forbes was the assignee of Harris. The truth is, the judge seems to have wholly misconceived the design and effect of the answer. It does not appear to have been its object to raise the question whether any other person than the assignee could bring a bill to set aside the deed, but to plead the decree in the former suit referred to in bar of the pending suit. Such seems to be the proper construction of the answer. It avers that the former suit was instituted by Forbes, assignee, in behalf of himself and others; that "the said suit had the same object as this cause"; that the respondent was one of the defendants in that suit; and that it was "dismissed agreed" touching the record, a transcript of which is filed. After stating that the respondent is advised that by a recent decision of the su-

preme court of the United States no one but the assignee of the bankrupt can maintain a suit having for its object the setting aside of a fraudulent deed, it concludes thus: "And the assignee in this case having instituted his suit and failed, your respondent is entitled to have this suit dismissed. And he now claims that the object of this suit is *res judicata,* and he prays the benefit thereof, as if the same had been fully and formally decided. And having fully answered, he prays to be hence dismissed," &c.

This is substantially a plea of adjudication in the former suit of the same matter involved in the pending suit, and nothing more. And as such it was of no force, because, if for no other reason, the complainants in this cause were not parties to the suit in which the decree or final order relied on was made. It is true, the bill in that suit was brought by Forbes, assignee of Rosh, in behalf of himself and other creditors of Harris, but, so far as appears, no order for a general account of debts was ever made ; and therefore the complainants in the present suit, though creditors of Harris, not being named in the former suit, nor having appeared therein, never became parties thereto in any sense or to any extent. The suit was the suit of Forbes, as assignee of Rosh, and so continued to the end. The executors of Elder and the devisees of William S. Andrews, not being parties, are, of course, not bound by any decree or order made in that cause. See *Piedmont and Arlington Ins. Co.* v. *Maury and others,* 1 Matthews, 508, and cases there cited.

But if the answer had been such as the learned counsel of the appellees claim it to be, we do not hesitate to declare it as our opinion that it should not have been received, had objection been made to its being filed.

It is by no means matter of course to grant liberty to file an amended or supplemental answer. On the contrary, the cases are exceptional in which this indulgence is given.

"In the case of answers and of pleas put in upon oath," says Judge Story, "the court will not, for obvious reasons, easily suffer an amendment to be made. In a small matter, however, the defendant may amend; but not in a material one, unless upon evidence to the court of surprise. The most common case of amending an answer is, where, through inadvertency, the defendant has mistaken a fact, or a date; there the court will give leave to amend to prevent the defendant from being prosecuted for perjury. In general, however, this indulgence is confined to cases of mere mistake or surprise in the answer." Story's Eq. Plead. § 896.

"There is," says Chancellor Kent, "no precise and absolute rule on the subject; the question, as Lord Eldon said, is always applied to the discretion of the court, in the particular instance." *Bowen* v. *Cross*, 4 Johns. Ch. Rep. 377. The like opinion is expressed by Chief-Justice Marshall in *Calloway* v. *Dobson. &c.*, 1 Brok. Rep. 119; see also *Howe* v. *Russell*, 36 Maine, 115, 124, where amendment was refused, because, as stated, to allow it would be admitting a new ground of defence, existing and known to the defendants when their answers were filed and proof taken, and which they did not omit to present and rely upon through accident or surprise. *Champion* v. *Kille*, 1 McCoster (N. J.), 229, 232; *Smith* v. *Babcock and others*, 3 Sumner, 583, 585, *et seq.*; 1 Danl. Ch. Prac. (4 Amer. Ed., ch. 17, § 6, p. (top) 777; 2 Rob. (old) Prac. 316, *et seq.*; *Jackson's Assignees* v. *Cutright & Clark*, 5 Munf. 308.

The provision of the statute, allowing a defendant to file his answer at any time before final decree, has no reference to an amended or supplemental answer. Code of 1873, ch. 167, § 35.

It would, in our judgment, be a great abuse of discretion to allow the supposed answer in this case. This litigation commenced in 1874, and this is the third time the cause

has come before us on appeal. And yet to this day the debtor, John A. Harris, has never answered the bill. It stands confessed as to him. William A. Harris, the alienee, answered at an early stage of the proceedings. He knew, before the first hearing, of his brother's bankruptcy, for it was proved in the cause; and if there was an assignee duly appointed and qualified, he must have known that fact also. And yet he set up no such defence as that the suit could only be maintained by the assignee. There was no. room for mistake or surprise. When, after protracted litigation, the fraud charged against him has been irreversibly established, and his liability and the rights of the complainants have been fixed by the decrees of this court— after the land (one of the subjects of controversy) has been actually sold by the court and the sale confirmed, and the value of the personal property (the other subject), which he fraudulently converted to his use, has been ascertained by a commissioner under an order of reference, and the cause awaits the action of the court on exceptions to the commissioner's report—after all this, to allow this fraudulent alienee to make an entirely new defence, the effect of which, if valid and sustained, would be to turn the complainant out of court and leave him, if not protected by lapse of time, to be held in a new proceeding to account to a third person, who himself would be compellable, as trustee, to account to the complainant for what he received, would be not only most inequitable, but, we believe, without precedent in the chancery practice.

The decree of the circuit court will be reversed, and the cause remanded for the third time. We cannot, as we are asked to do, in order to put an end to this litigation, pass upon the exceptions to the commissioner's report, because they have not been acted upon by the court below. That court should have done this instead of dismissing the bill. As to the pending order directing an issue, we could not

pass directly and finally upon it on the last appeal, because as we then held, the appeal was improvidently allowed. We did, however, intimate very plainly, in the opinion delivered by Judge Anderson (1 Matthews, p. 74), that we regarded the order as erroneous. What we then intimated we now decide, as the order is open to review on this appeal; and it will be set aside, and the circuit court directed to proceed to pass on the exceptions to the commissioner's report, without the intervention of a jury, in order to final decree.

DECREE REVERSED.