## Richmond

VIRGINIA RAILWAY AND POWER COMPANY V. SMITH & HICKS, INC.

January 20, 1921.

1. APPEAL AND ERROR.—*Street Railways—Negligence and Concurring Negligence Questions for Jury.*—In an action for damage to an automobile struck by a street car when attempting to back across the tracks, the evidence was conflicting, and the jury under it might have found (1) that the defendant's negligence was the sole proximate cause; or (2) that the plaintiff's negligence was the sole proximate cause; or (3) that both parties were negligent in such way as to preclude a recovery on the ground of either concurring or contributory negligence; or (4) that both parties were negligent, but the defendant liable on the ground that it had the last clear chance to avoid the injury.

   *Held:* That a verdict for plaintiff must be affirmed, unless there was some reversible error in the manner in which the case was submitted to the jury.

2. STREET RAILWAYS. — *Collision with Automobile — Instructions—Last Clear Chance.*—In an action for damage to an automobile, caused by collision with a street car, the court instructed that if the jury believed from the evidence that the motorman did not use ordinary care to check his car when he saw plaintiff's vehicle, or should have seen it, and by such failure to exercise ordinary care plaintiff's vehicle was injured, then the jury must find for the plaintiff.

   *Held:* That while this instruction might have been more accurately worded, if intended to present the last clear chance theory, yet it did not incorrectly state the doctrine under the facts of the instant case, and was not defective as failing to negative the idea of the plaintiff's own negligence.

3. INSTRUCTIONS.—*Dependent upon Facts of the Case.*—The sufficiency and correctness of an instruction depend largely upon the facts and nature of the case in which it is given.

4. STREET RAILWAYS.—*Collision with Vehicle—Last Clear Chance.*— A motorman of a street railway car might have the right of way and yet see, or be in a position to see, that unless he

slackened his speed or stopped his car a collision with a vehicle about to cross ahead of him would be inevitable. In such a case, if the discovery of the inevitable was made, or ought to have been made, before it was too late for him to slow down or stop, he would have the last clear chance to avoid the injury, and the street car owner would be liable, regardless of the fact that the negligent conduct of the driver of the vehicle precipitated the situation, and continued up to the moment of impact.

5. STREET RAILWAYS.—*Collision with Automobile—Instructions—Directing Verdict on Partial View of Evidence.*—In an action for damage to an automobile, occasioned by collision with a street car, the court instructed that if the jury believed from the evidence that the motorman did not use ordinary care to check his car when he saw plaintiff's vehicle, or should have seen it, and by such failure to exercise ordinary care plaintiff's vehicle was injured, then the jury must find for the plaintiff.

*Held:* That if this instruction was intended to relate merely to defendant's primary negligence, without regard to any question of the last clear chance, it was faulty, as directing a verdict for the plaintiff, and leaving out of view the defense of contributory negligence.

6. DIRECTING VERDICT.—*Partial View of the Evidence—Negligence and Contributory Negligence.*—An instruction must not direct a verdict upon a hypothetical case embracing only a partial view of the evidence, and therefore, when there is evidence tending to show contributory negligence, it is error to tell the jury that they must find for the plaintiff, if they believe the defendant's negligence has been proved, without adding a qualification that there can be no recovery if the plaintiff has been guilty of contributory negligence. And such an error is not cured by other instructions given in the same case with respect to contributory negligence. The rule is logical, and when reasonably applied, not subject to criticism.

7. APPEAL AND ERROR.—*Conflict in Instructions—Reversible Error.* —There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side, and where the instructions which have been duly objected to are in such irreconcilable conflict upon vital points as to be liable to mislead the jury. But it is quite possible to apply this rule unreasonably.

8. APPEAL AND ERROR.—*Harmless Error—Directing Verdict—Partial View of the Evidence—Negligence and Contributory Negligence—Case at Bar.*—In the instant case an instruction directing a verdict for the plaintiff, if they should find the defendant negligent without referring to the contributory negli-

gence of plaintiff, while faulty, did not constitute reversible
error, where ten other instructions in the case recognized and
stated with clearness and emphasis that the plaintiff must be
free from contributory negligence to be entitled to a verdict,
and the court told the jury that all the instructions in the
case should be read and construed together.

9.  APPEAL AND ERROR.—*Reversal—"Substantial Justice"—Code of
    1919, Sec. 6331.*—"Substantial justice," as used in section 6331
    of the Code of 1919, providing that there shall he no reversal
    where it appears that "the parties have had a fair trial on
    the merits and substantial justice has been done," has been
    attained when litigants have had one fair trial on the merits;
    and although an instruction is open to criticism, if it could not
    have reasonably misled the jury, it does not warrant a re-
    versal.

10.  STREET RAILWAYS.—*Collision with Vehicle—Instructions.*—In an
     action for damage to an automobile struck by a street railway
     car while backing across the street, the court instructed the
     jury that plaintiff's servants had the right to drive the ve-
     hicle across the track in full view of the approaching car if,
     under all the circumstances, it was consistent with ordinary
     prudence to do so.

     *Held:* No error, although the accident was due to the stopping
     of the vehicle on the track, and not to driving across the
     track, where it appeared reasonably probable to the driver that
     he could cross the track before the street car reached it, and a
     passing automobile rendered it necessary for him to stop.

11.  STREET RAILWAYS.—*Collision with Vehicle — Plaintiff Parking
     Cars on Street.*—In an action for damage to an automobile
     struck by a street railway car while backing across a street,
     the fact that the plaintiff had parked cars on the other side of
     the street is no bar to his action, where the parking was not un-
     lawful, although it contributed to the accident by narrowing
     the passageway.

12.  INSTRUCTIONS.—*Repetition.*—There is no error in refusing an
     instruction upon a point fully and fairly covered by other
     instructions.

Error to a judgment of the Hustings Court, Part II, of
the city of Richmond, in an action of trespass on the case.
Judgment for plaintiff.   Defendant assigns error.

*Affirmed.*

The opinion states the case.

*T. Justin Moore, E. R. Williams, A. B. Guigon* and *M. M. McGuire,* for the plaintiff in error.

*Scott & Buchanan,* for the defendant in error.

KELLY, P., delivered the opinion of the court.

A street car owned and operated by the Virginia Railway and Power Company, collided with and injured an automobile truck owned by Smith & Hicks, Incorporated. An action for damages followed, in which Smith & Hicks, hereinafter called the plaintiff, recovered against the railway company, hereinafter called the defendant, a verdict upon which the court entered the judgment now under review.

[1]    The accident occurred on Broad street in the city of Richmond. The plaintiff owned a garage on the south side of that street about seventy-five yards west of the intersection therewith of Lombardy street. Broad street runs east and west, and Lombardy street north and south. A man named Marshall, chauffeur of the truck, was backing it out of the garage, intending to cross Broad street and proceed on an errand westward. To do this he had to cross the double tracks of the defendant, which are located in the middle of the street. Two colored men, Tom Skinker and Sam Burrell, one at the front and the other at the rear, accompanied the truck on foot out of the garage and across the street to give the chauffeur signals and enable him to guide his movements with due regard to other traffic on the street. As he came out of the garage, the chauffeur saw a street car coming towards him on the westbound track. This car was then over 150 yards east of the garage. The chauffeur did not look for the car again, but depending upon the guidance and signals of Skinker and Burrell,

who were detailed for that purpose, proceeded to back the truck until he had crossed the eastbound and had started on the westbound track. At that juncture one of the colored men on guard warned him to stop in order that an automobile going west on the north side of Broad street might pass in the rear of the truck and thus avoid a collision. The plaintiff had previously parked certain cars from its garage along the curb on the north side of the street, and this so reduced the space on the street north of the tracks that the passing automobile would not have had room to clear the truck in the rear if it had not stopped. The street car, in the meantime, was approaching from the east. It did not stop at Lombardy street, and about the time or shortly after it passed that street, and while the truck was standing still on the track, Tom Skinker gave the motorman a signal to stop, which he either did not see or did not regard, and a few seconds later the collision occurred. We shall not undertake to set out the testimony in any greater detail. Suffice it to say that we are not able to agree with counsel for defendant in their contention that we ought to reverse the judgment because as a matter of law the case, viewed most favorably for the plaintiff, was one of concurring negligence; nor yet with counsel for plaintiff in their contention that we ought to affirm the judgment because upon the facts no other judgment could have been rendered. Upon the contrary, the evidence was in such conflict upon material points as that we could not properly interfere with a finding either way upon the facts. The jury might, under the evidence, have found (1) that the defendant's negligence was the sole proximate cause; or (2) that the plaintiff's negligence was the sole proximate cause; or (3) that both parties were negligent in such way as to preclude a recovery on the ground of either concurring or contributory negligence; or (4) that both parties were negligent, but the defendant liable on the ground that it had the last clear chance to avoid the injury.

35

It follows that we must affirm the judgment, unless there was some reversible error in the manner in which the case was submitted to the jury.

[2]  1. It is assigned as error that the court gave, at the instance of the plaintiff and over the objection of the defendant, Instruction No. 3, as follows: "The court instructs the jury that if they believe from the evidence in this case that the motorman in charge of defendant's car at the time of the collision thereof with the plaintiff's vehicle, did not use such ordinary care to check his car as would be reasonably required under the circumstances when he saw plaintiff's vehicle, or in the exercise of ordinary care should have seen it, on or about to cross the track in dangerous proximity to his car, and by such failure to exercise ordinary care in attempting to check his car the plaintiff's vehicle was injured, then the jury must find for the plaintiff and assess its damages as defined in these instructions."

[3, 4]  It appears upon an analysis of the arguments and briefs of counsel for defendant that there are two criticisms or objections urged against this instruction. The first proceeds upon the theory or assumption that the instruction was given by the court and relied upon by counsel for plaintiff at the trial as an expression of the doctrine of the last clear chance, and it is argued that as such it was not correct because it fails to sufficiently embody the essential idea of the plaintiff's ignorance of, or inattention to, or helplessness against the approaching danger. Counsel for the respective parties are not agreed as to whether the instruction was in fact intended to present the theory of the last clear chance. Assuming that it was, however, and assuming further that the plaintiff's employee negligently stopped the truck on the track, there was abundant evidence from the plaintiff's standpoint, if credited by the jury, to show that after the motorman saw, or ought to have seen, that the truck was in, or about to get in, a position where a

collision was inevitable unless the street car was checked or stopped, he could have avoided the collision by the exercise of ordinary care on his part. The instruction might have been more accurately worded if intended to present the last clear chance theory, but it is substantially the one which under somewhat kindred facts was held in *Va. Ry. & P. Co.* v. *Meyer,* 117 Va. 409, 84 S. E. 742, not to incorrectly state the doctrine. The sufficiency and correctness of an instruction depend largely upon the facts and nature of the case in which it is given. It is quite conceivable that a motorman might have the right of way (as did this motorman) and yet see, or be in a position to see, that unless he slackened his speed or stopped his car a collision with a vehicle about to cross ahead of him would be inevitable. In such a case, if the discovery of the inevitable was made, or ought to have been made, before it was too late for him to slow down or stop, he would have the last clear chance to avoid the injury, and the street car owner would be liable, regardless of the fact that the negligent conduct of the driver of the vehicle precipitated the situation, and continued up to the moment of impact. This was the essential, though not actually expressed holding in the *Meyer Case,* and is here one of the views which the jury might have taken of the evidence.

It may be well, in this connection, to clear up a doubt or misapprehension which might arise upon one branch of the opinion in the *Meyer Case.* As is well understood, the last clear chance doctrine is an exception to the general rule that a plaintiff's contributory or concurring negligence bars a recovery. The court in the *Meyer Case* expressly approved the instruction in question as a sufficiently correct presentation of that theory, but in a subsequent portion of the opinion declined to pass upon a further objection based upon the fact that the instruction ignored the defense of contributory negligence, holding that the point, not having

been assigned as error, could not be subsequently raised. We may be sure, however, that, in so far as the last clear chance theory was concerned, the court would never. have held the instruction defective because it failed to negative the idea of the plaintiff's own negligence.

[5, 6]     There is another aspect of Instruction No. 3, in the instant case (and it may be that the court in the *Meyer Case* was considering the similar instruction in a similar aspect when dealing with the last named objection thereto), which we must now consider, and which brings us to the second criticism, or objection, made by counsel for defendant.     The instruction is said by counsel for plaintiff to have related merely to the question of defendant's primary negligence, and to have been intended merely to fix and define the proximate cause of the accident without regard to any question of the last clear chance.     If it be viewed in this light, then standing alone it is faulty because it directs a verdict for the plaintiff and yet leaves out of view the defense of contributory negligence.     The similar objection made in the *Meyer Case, supra,* was very properly disregarded because it had not been made in the petition for the writ of error, and appeared for the first time in the reply brief.     In the case at bar, the point is made in the petition, although it does not appear to have been, and doubtless was not, specifically made before verdict.     The emphasis and repetition with which the trial court in other instructions given at defendant's request called the jury's attention to the defense of contributory negligence, warrants the conclusion that the trial judge was entirely ready to fully protect the defendant in this respect.

It has been repeatedly held by this court that an instruction must not direct a verdict upon a hypothetical case embracing only a partial view of the evidence, and that, therefore, when there is evidence tending to show contributory negligence, it is error to tell the jury that they must find for the plaintiff, if they believe the defendant's negligence

has been proved, without adding a qualification that there can be no recovery if the plaintiff has been guilty of contributory negligence. And it has likewise been repeatedly held that such an error is not cured by other instructions given in the same case with respect to contributory negligence, for the reason that it is impossible to say that the erroneous instruction, being complete in itself, did not control the action of the jury.

[7, 8] This rule is logical in itself, and when reasonably applied is not open to criticism. There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side, and where the instructions which have been duly objected to are in such irreconcilable conflict upon vital points as to be liable to mislead the jury. But it is quite possible to apply the rule unreasonably. We are inclined to think it may have been so applied in some of the antecedent Virginia cases, and we feel that it would be so applied in this case if we held the instruction in question sufficiently faulty to constitute reversible error. We have here a case in which five of the plaintiff's instructions plainly recognized, and five of those given for the defendant repeated with clearness and emphasis, that the plaintiff must be free from contributory negligence to be entitled to a verdict. Further than this, the court stated to the jury at the time of the delivery of the written instructions, that "these instructions contain all the law of this case, and while on separate sheets, you should read and construe them together and in the light of each other." Under these circumstances it would be unreasonable to say that the jury might have been misled by Instruction No. 3 into imagining that the plaintiff could recover if its negligence contributed proximately to or concurred with that of the defendant.

[9] The revisers, in section 6331 of the Code of 1919, in keeping with the modern trend of legislative and judicial policy, added a new clause to the old section (Code 1887,

section 3449) ; and the statute now provides that "no judg-ment or decree shall be reversed * * * for any error committed on the trial where it plainly appears from the evidence given at the trial that the parties have had a fair trial on the merits, and substantial justice has been done." It is our purpose to vitalize this provision in its application and administration. Of course, there will always be room for doubt as to whether the right result has been reached when the evidence has been in serious conflict; but in' causes triable and tried by juries "substantial justice" in a legal sense has been attained when litigants have had one fair trial on the merits; and although Instruction No. 3 was open to the criticism which we have discussed, it could not have reasonably misled the jury, and we hold that the error does not warrant a reversal.

[10] · 2. Instruction No. 4, the giving of which consti-tutes one of the assignments of error, was as follows: "The court instructs the jury that the servants of the plaintiff had the right to assume that the servants of the defendant operating its street car would not run the same at an ex-cessive rate of speed, or in violation of the city ordinance, and that the servants of the plaintiff had the right to drive vehicle across the track in full view of the approaching car, if, under all the circumstances, it was consistent with ordi-nary prudence to do so.

"And if the jury believe from the evidence that, under all the circumstances by which the driver of the plaintiff's ve-hicle was surrounded at the time of the accident, it would have been reasonably apparent to an ordinarily prudent person that if the motorman in charge of the defendant's car should use ordinary care in running and controlling said car, he could drive across the track without danger of a collision, then the driver of said car was not guilty of negli-gence in driving across said track."

This was a fair and correct statement of the law as ap-plied to the evidence from the plaintiff's standpoint. The

objection urged against it is that it leaves out of view the fact that the accident was due to stopping on the track, and not to driving across the track, and that there would have been no collision if the driver had gone on across. This latter conclusion of fact is probably true, but when the truck driver left the garage, according to a view of the evidence which the jury might very properly have accepted as true, it would have appeared reasonably probable that he could cross the track before the street car reached it, and there was nothing in the situation at that time to require him to be sure that other traffic on the street might not make it necessary for him to stop on the track. The passing of the automobile which rendered it necessary for him to stop was a supervening incident which he was not bound to anticipate.

[11]   In this connection, we may dispose of defendant's contention that the plaintiff was responsible for the accident, because it had parked cars on the north side of Broad street. It was not unlawful to park cars there. The situation is not different from what it would have been if a third party had exercised the same privilege.

3. Instruction No. 6, complained of in another assignment of error, was as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff's vehicle was a large one and moving slowly across the street with the apparent purpose of crossing the street car tracks, and if they further believe from the evidence that the motorman in charge of defendant's car, as he approached, saw, or ought to have seen, that plaintiff's vehicle was in close proximity to the street car tracks and about to cross the same, or was on said tracks, then it was the duty of the motorman, if sufficient time elapsed, to reduce the speed of his car to such an extent as to enable him to stop his car to avoid a collision."

The objection to this instruction is that, although it does not conclude with a direction to find for the plaintiff, it is a

statement of the law placing upon the defendant the duty to exercise ordinary care to avoid the accident, and that taken along with Instruction No. 3 it would have the effect of creating an erroneous impression as to the law of the case, unless it contained a reference to the corresponding duty of the plaintiff's agents.    We find no error in this instruction for the reasons given in the discussion of Instruction No. 3.

[12]    4. The court refused to give for the defendant Instruction B, and the defendant excepted.    This instruction dealt with the right of way on the street, which it is conceded the ordinance of the city of Richmond gave to the street car.    Of this we deem it sufficient to say that in so far as this instruction correctly interpreted the relative rights of the street car and the truck in respect to the right of way, the jury were fully and fairly informed by other instructions, and there was no error in refusing the one in question.

The only remaining assignment of error is that the court overruled the motion of the defendant to set aside the verdict.    From what has already been said, it follows that this assignment must be overruled.

The judgment is affirmed.

*Affirmed.*