Syllabus.

## Wytheville

### LULU S. WINDSOR v. MARION CARLTON.

June 14, 1923.

1. LIBEL AND SLANDER—*Punitive Damages—Slander must have been Prompted by Malice—Instructions.*—An instruction, in an action for slander, upon the allowance of punitive damages, failed to tell the jury that before they could award punitive damages they must believe from the evidence that the slanderous and insulting words were prompted by actual or express malice on the part of the defendant.

   *Held:* Error.

2. APPEAL AND ERROR—*Harmless Error—Conflicting Instructions—Necessity of Malice to Support a Verdict for Punitive Damages in an Action for Slander.*—In an action for slander and insulting words an instruction on the allowance of punitive damages failed to tell the jury that before they could award punitive damages they must believe from the evidence that the slanderous and insulting words were prompted by actual or express malice on the part of the defendant.

   *Held:* That although there was another instruction given for the defendant, correctly informing the jury that punitive damages should be allowed only where the slander was prompted by malice, yet there was a vital conflict between the two instructions which may have seriously prejudiced the defendant.

3. APPEAL AND ERROR—*Harmless Error—Doctrine Favored.*—The doctrine of harmless error is favored by the Supreme Court of Appeals, and is applied whenever it seems reasonable and safe to do so.

4. APPEAL AND ERROR—*Conflicting Instructions—Reversible Error.*—There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side, and where the instructions which have been duly objected to are in such irreconcilable conflict upon vital points as to be liable to mislead the jury.

5. LIBEL AND SLANDER—*Implied and Express Malice—Punitive Damages.*—Malice, either express or implied, is essential to a recovery in every action for slander or for insulting words, but actual or express malice need not be proved except as a basis for punitive damages, for the latter purpose it is indispensable.

Error to a judgment of the Circuit Court of the city of 'Williamsburg and county of James City, in an action of trespass on the case. Judgment for plaintiff. De-. fendant assigns error.

*Reversed.*

The opinion states the case.

*Henley, Hall, Hall & Peachy,* for the plaintiff in error.

*Frank Armistead* and *Ashton Dovell,* for the defendant in error.

KELLY, P., delivered the opinion of the court.

This is a writ of error to a judgment for $1,000.00 in an action for defamation, wherein Mrs. Marion Carlton was plaintiff and Mrs. Lulu S. Windsor was the defendant.

There were four counts in the declaration, the first, third and fourth charging common law slander, and the second charging the utterance of insulting words under section 5781 of the Code.

There are eight assignments of error, but as to all of these except one the trial court was plainly right, and as they involve no questions of novelty or interest we feel warranted, with deference to counsel, in dismissing seven of the assignments without further notice.

We are of opinion, however, that the court erred in giving the following instruction, known in the record as No. 2:

"2. The court instructs the jury that if you find for the plaintiff, then in assessing damages, you are not restricted to the mere pecuniary loss, if any, which plaintiff may have sustained by reason of the slander complained of, but, in addition thereto, you may award

damages for example's sake, and by way of punishment of the defendant, and, in estimating the same, you will take into consideration all the facts and circumstances detailed in evidence, and award such damages as will be a compensation and adequate recompense for the injuries sustained, and such as may serve for a wholesome example to others in like cases, not exceeding, however, the sum of $5,000.00.''

[1-4] The objection urged against this instruction is that it failed to tell the jury that before they could award punitive damages they must believe from the evidence that the slanderous and insulting words were prompted by actual or express malice on the part of the defendant. We think this objection is good. The only answer attempted to be made to it in the plaintiff's brief, as we understand it, is that the error complained of in this particular instruction, if error it was, was cured by instruction D, given for the defendant, as follows:

"D. The court further instructs the jury that if you should find for the plaintiff, Marion Carlton, then it becomes your duty to assess the damages to which she is entitled. If she is entitled to damages, then the law is that she is entitled to such an amount as will recompense her for any actual damages which she may have sustained by reason of the speaking of such words. If the jury further believe that the words were spoken with the wicked and malicious intent of slandering the plaintiff or were intended to insult the plaintiff, then in addition to the actual damage, the jury may, in arriving at the amount of damages, also consider what may be fair in the way of punishing the defendant. But the jury should not allow any prejudice or passion on their part to influence their allowing any greater damages than is fair and just under all the circumstances of this case.''

In our view of the case there is a vital conflict between the two instructions which may have very seriously prejudiced the defendant. The doctrine of harmless error is favored by this court, and is applied whenever it seems reasonable and safe to do so. *Standard Paint Co.* v. *Vietor*, 120 Va. 595, 91 S. E. 752; *Va. Ry. & P. Co.* v. *Smith and Hicks*, 129 Va. 269, 277, 105 S. E. 532. But this case comes within the rule announced in the case last cited, wherein it is said: "There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side, and where the instructions, which have been duly objected to are in such irreconcilable conflict upon vital points as to be liable to mislead the jury." See also *Director General* v. *Pence's Adm'x*, 135 Va. 329, 116 S. E. 351, 358.

At the oral argument of this case the point was made that instruction No. 2 was free from error, because the alleged slanderous and insulting words were actionable *per se* and the law implied malice from their use. The precise argument on this point, as we apprehend it, is that if the jury found for the plaintiff at all, they necessarily, as a legal consequence, found that there was malice in the use of the words, and that, therefore, there was no error in failing to tell the jury in terms that they must believe the words were maliciously spoken before they could find punitive damages. This argument is not sound. It is true that under the theory prevailing in this jurisdiction malice is a necessary ingredient in every action for slander or for insulting words. *Dillard* v. *Collins*, 25 Gratt. (66 Va.) 343, 350; *Chaffin* v. *Lynch*, 83 Va. 106, 120, 1 S. E. 803. And it follows that there is a sense in which every finding for the plaintiff in such an action amounts to a finding that there was malice in the use of the words, but it is not true, and will hardly be contended, that punitive

damages may be found in every action for defamation. The right to recover punitive damages depends upon proof of actual or express malice. Implied malice or malice in law will suffice to support the action and will entitle the plaintiff to compensatory damages, but will not, in the absence of proof of actual or express malice, warrant the infliction of punishment by way of exemplary damages. The law as to both classes of damages was correctly stated in defendant's instruction No. D above. *Ramsey* v. *Harrison*, 119 Va. 687, 89 S. E. 977.

There is, it is true, some conflict of authority upon the question under consideration. It seems to have been held in some jurisdictions "that where malice exists exemplary damages may be given, and it is immaterial whether the malice is actual or implied in law." 25 Cyc. 538. If this rule were applied in Virginia, the result, as we have seen, would be that punitive damages are recoverable in every action for defamation, for malice, either express or implied, is essential to a recovery in every such case. See Virginia authorities above cited.

[5] The true rule, as we think, and the rule supported by the weight of authority elsewhere, is that malice, either express or implied, is essential to a recovery in every case, but that actual or express malice need not be proved except as a basis for punitive damages. For the latter purposes it is indispensable. 25 Cyc. 374; *Id.* 536, *et seq*; 18 Am. & Eng. Ency. L. (2nd ed.), 1002; *Id.* 1093; *Harman* v. *Cundiff*, 82 Va. 239, 246; *Ramsay* v. *Harrison*, 119 Va. 682, 686 (Instruction 7), 702, 89 S. E. 977.

At page 1003 of the 2d edition of the American and English Encyclopedia of Law, Vol. 18, the text, following a discussion showing that the authorities are divided upon the question as to whether malice is a necessary ingredient in actions of this character, has this to say:

"Adoption of either view leads to same result.—It is readily to be seen that the adoption of either of the views shown above must inevitably lead to the same result, which is simply this: In civil actions for libel or slander, where the occasion of the publication or utterance of the defamatory words is not privileged, actual malice on the part of the defendant is material only on the question of punitive or exemplary damages and must be shown in order to recover such damages, but the plaintiff may recover actual or compensatory damages regardless of whether or not there was any actual malice on the part of the defendant."

Again on page 1093 of the same work it is said:

"Whether actual or express malice is necessary.— In a good many cases it has been held that an award of punitive or exemplary damages may be based merely upon the malice which the law will imply from an unauthorized and unjustifiable publication or utterance of defamatory words. But the great weight of authority is otherwise, and supports the view that in order for such a recovery to be proper there must be some proof of actual or express malice, or at least of such recklessness or carelessness on the part of the defendant as is equivalent to an actual intent to violate the rights of others.

Under what we regard as the better rule, it was error to give instruction No. 2, and such error, in our opinion, was not cured by defendant's instruction D. It follows that the judgment complained of must be reversed and the cause remanded for a new trial.

*Reversed.*