# Richmond

## JOHNNIE BURCH v. VIRGINIA PUBLIC SERVICE COMPANY.

January 13, 1938.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Kearney & Kearney,* for the plaintiff in error.

*Montague & Holt* and *E. M. Braxton,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Plaintiff instituted this action to recover damages for personal injuries. The jury returned a verdict for defendant on which the trial court entered judgment. The assignments of error are to the action of the trial court in refusing to set aside the verdict, and in giving inconsistent and conflicting instructions.

The accident occurred at the intersection of 28th street and Huntington avenue, in the city of Newport News. Plaintiff testified that he was walking south on the west side of Huntington avenue; that when he reached 28th street, a street car, owned and operated by defendant, stopped at the intersection; that he started to walk in the pedestrian lane across 28th street in front of the car, " * * * and about that time my foot slipped on something and I fell to the ground. Both the front and rear wheels passed over my leg. * * * there was plenty of light for the motorman to have seen me. Without giving any signal whatever, the motorman started up his car, and about the time I had put one foot over the north rail, struck me."

Other witnesses testified that plaintiff stepped on a banana peeling while going toward the side of the moving car; that his right leg slipped over the rail between the

front and rear wheels; and that only the rear wheels passed over his leg. This and other evidence, if true, clearly relieves defendant of any liability for the injury.

Plaintiff's argument is that his statement of how the accident occurred is sufficient to make a jury question of defendant's negligence, and of his contributory negligence, and that inasmuch as the trial court gave inconsistent and conflicting instructions, he is entitled to a new trial on the merits.

Litigants concede that on December 2, 1934, the date of the accident, there was in force an elaborate ordinance containing some thirty-six printed pages regulating traffic in the city of Newport News. Plaintiff and defendant differ on the construction of the pertinent sections of this ordinance. Plaintiff construes it to mean that at intersections pedestrians have the right of way over all vehicles, including street cars. Defendant construes the ordinance to mean that street cars are not included in the use of the word "vehicles," and that the ordinance does not give pedestrians the right of way over street cars at intersections, and hence the rights and duties of a pedestrian and the operator of a street car at intersections were and are reciprocal.

The trial court gave instructions requested by each party containing inconsistent and conflicting statements of the rights and duties of a pedestrian and an operator of a street car at intersections. This was error. But it does not constitute reversible error unless the record discloses that the jury may have been misled thereby, to the prejudice of the complaining party.

The provisions of the ordinance relied upon by plaintiff as the basis for his contention are found in four sections of article 61, reading thus:

"Section 1. The streets are primarily intended for vehicles, but pedestrians have the right to cross them in safety, and drivers of street cars and other vehicles shall exercise proper care not to interfere with such rights nor to injure them or their property.

"Section 2. When crossing a street, pedestrians shall not carelessly or maliciously interfere with the orderly passage of vehicles and shall cross wherever possible only at intersections or cross-walks.

"Section 3. At such intersections where no traffic officer is on duty pedestrians shall have the right of way over vehicles.

"Section 4. This shall not entitle the pedestrian to enter or cross the intersection regardless of approaching traffic, but shall be interpreted to require vehicles to change their course, slow down, or come to a complete stop if necessary to permit pedestrians to safely and expeditiously negotiate the crossing."

Considering these provisions alone, it is possible to give them the construction for which plaintiff contends. However, we turn to page 1 of the traffic regulations, and find that under Article A, "Definitions," the ordinance provides that: "The following words and phrases when used in this Ordinance shall, for the purpose of this Ordinance have the meanings respectively ascribed to them in this Article, except in those instances where the context clearly indicates a different meaning:

"*Vehicle*—Every device in, upon or by which any person or property is or may be transported or drawn upon a public street *excepting devices* moved by human power or used *exclusively upon stationary rails or tracks;* provided, that for the purposes of this Ordinance a bicycle shall be deemed a vehicle." (Italics supplied.)

This restricted definition of the word "vehicle" clearly reveals the intent of the city council to exclude street cars from the regulations applicable to vehicles in the ordinance, unless the contrary is clearly stated. The context in the provisions quoted contains no exception to the restricted use of the word "vehicle." It follows that the instructions offered by defendant and given by the court contain a correct interpretation of the ordinance, and that the instructions setting forth plaintiff's construction of the ordi-

nance, which were also given by the court, were incorrect and erroneous.

Plaintiff relies on *Virginia Electric & Power Co.* v. *Blunt's Adm'r*, 158 Va. 421, 436, 163 S. E. 329, 333, to sustain his contention that pedestrians have the right of way over street cars at intersections. It is specifically stated in that case that "Under the ordinances of the city of Richmond which have been previously set forth street cars are also embraced therein. It therefore appears that automobiles and street cars alike are required under the regulation to yield the right of way to pedestrians who may cross the street at an intersection." In the absence of such provisions or regulations in an ordinance or a State statute, the rights and duties of the parties are controlled by common-law rules.

The latest case cited by plaintiff to sustain his contention that the giving of inconsistent instructions constitutes reversible error, is *Windsor* v. *Carlton,* 136 Va. 652, 118 S. E. 222. In that case the trial court, at the request of the successful litigant before the jury, gave an erroneous instruction on the measure of damages. The losing party objected to the instruction and tendered one in which the correct measure of damages was stated. The trial court gave both. When the case was presented to this court, the successful litigant below argued that the giving of the erroneous instruction was harmless error, on the ground that the measure of damages was correctly stated in another instruction. This court held that: "There is reversible error in any case where the evidence is sufficient to warrant a verdict for either side, and where the instructions, which have been duly objected to, are in such irreconcilable conflict upon vital points as to be liable to mislead the jury." This statement of the general rule was taken from *Virginia Ry. & P. Co.* v. *Smith,* 129 Va. 269, 277, 105 S. E. 532, where it is stated that the rule must be reasonably applied.

In each of the other cases cited by plaintiff this court applied the principle and reversed the judgment only when

the record disclosed that the jury might have been misled to the prejudice of the unsuccessful litigant in the trial court.

The jury in the case at bar could not have been misled by the erroneous instructions to the prejudice of the plaintiff. Defendant strenuously objected to each of the erroneous instructions offered by plaintiff and tendered to the court correct instructions defining the rights and duties of the respective parties at intersections. The result of the trial court's ruling on the subject was to cause the case to be submitted to the jury on instructions more favorable to the plaintiff than a correct statement of the law justified. Notwithstanding this fact, the verdict was adverse to plaintiff. A litigant can not take advantage of his own wrong to recover damages, nor will an unsuccessful litigant in the trial court be permitted to obtain a reversal in this court solely on errors induced or invited by him.

Defendant assigns cross-error on the ground that the record was incomplete, and tendered a stenographic report of the evidence to establish this fact. The defendant also contends that plaintiff was guilty of contributory negligence as a matter of law. We have confined our consideration to the evidence as certified by the trial judge, and have reached a decision favorable to defendant, hence it is useless to discuss either of the cross-errors assigned.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*