## CIRCUIT COURT OF LOUDOUN COUNTY

O'Neil

v.

Chrysler Corp.

June 6, 2000

Case No. (Law) 21473

BY JUDGE THOMAS D. HORNE

The single issue before this Court in this "Lemon Law" case is the sum that the plaintiff is to recover for "reasonable attorney's fees, expert witness fees, and court costs incurred by bringing [this action]." Virginia Code § 59.1-207.14. Among the factors to be considered in determining the reasonableness of the fee are the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Rule 1.5. Fees, Virginia Rules of Professional Conduct.

James B. Feinman is one of only a small group of lawyers handling "lemon law" cases in Virginia. He is well known as a specialist in this area of practice. His hourly rate for this type of case is $250.00. Applying that rate, a recovery in the amount of 155 hours of attorney time and 26 hours of paralegal time is sought. Although the matter was brought before the Court on discovery and procedural matters, it did not go to trial. In addition, out-of-pocket expenses in the amount of $1,867.28 have been incurred.

Customary fees for the handling of such cases range from $175.00 to $250.00 per hour. Mr. Feinman assisted his client in obtaining, without trial, the full amount asked for in the motion for judgment, $37,086.31. The litigation took place over a two-year period. During that time, plaintiff's counsel was required to seek the assistance of the Court in obtaining discovery.

The Court finds that an hourly rate of $225.00 is a reasonable hourly rate under the circumstances of this case, considering the work performed, the skill required, and the results obtained. Based upon that rate, a total fee recovery of $20,568.00 is justified.

Counsel and expert witness fees incurred solely in the collection of attorney's fees after the case has settled are not collectable. Once settled, the consumer has, subject only to his recovery of the fees and costs necessitated in seeking redress for the defective vehicle, obtained the objective intended by the legislature. The statute was not written so as to craft an independent cause of action for attorney's fees. Such fees are merely collateral to the consumer complaint. Furthermore, recoverable costs do not include fees of court reporters, mileage reimbursement, copies, postage, faxes, certified mail, or federal express. Court costs of $158.00 will be ordered paid by the defendant.

This is not a case requiring the attention of two attorneys, especially in view of Mr. Feinman's unique qualifications in the handling of such matters. In addition, the services of a paralegal are not recoverable. Such charges would be a part of counsel's office overhead and included within the hourly rate. While the result was advantageous to the client and discovery made more difficult by the actions of the defendant, a reasonable recovery does not depend on these factors alone.

Conversely, although counsel for the plaintiff was required to bill for greater travel time than an attorney closer to Leesburg, the Court believes such time to be properly recoverable, given the limited number of attorneys available to handle such matters in the Northern Virginia area.

Accordingly, the Court will award counsel fees in the amount of $20,568.00 and costs in the amount of $158.00.