# CIRCUIT COURT OF THE CITY OF ROANOKE

Susan J. Roatenberry
and Todd W. Dickerson

v.

Ford Motor Co.

February 14, 2008

Case No. CL07000245-00

BY JUDGE JONATHAN M. APGAR

The plaintiffs in this case were successful parties in a claim filed under the Motor Vehicle Warranty Enforcement Act, §§ 59.1-207.9 *et seq.*, Code of Virginia (1950). On May 27, 2007, they received $25,369.17 to resolve their complaint against Ford Motor Company. Plaintiffs' Exhibit 4, hearing of February 11, 2008. The only issue remaining in this case is the request by plaintiffs' counsel to recover reasonable attorney's fees, expert witness fees, and court costs incurred, as required by statute. Section 59.1-207.14, Code of Virginia (1950). Plaintiffs' counsel is demanding $21,750.00 in attorney's fees and $3,534.63 in expert witness fees and costs. Plaintiffs' Exhibits 2 and 3, hearing of February 11, 2008. Ford Motor Company is resisting these amounts on several grounds. After fully reviewing the file, the exhibits, the balance of the video testimony of plaintiffs' expert witness, and the authorities cited, the Court is now ready to rule.

In resisting Mr. Feinman's fee demand, Ford Motor Company asserts the following.

1. Plaintiffs' counsel did not have a contingency fee agreement with the plaintiffs in writing. Therefore, it is unenforceable and cannot be the basis for attorney's fees in this case.

2. Without an enforceable fee agreement, plaintiffs' counsel is to be paid based upon *quantum meruit*.

3. A reasonable billing rate for *quantum meruit* is $200.00 per hour.

4. At this rate, and using the time actually expended by plaintiff's counsel to obtain the settlement of May 22, 2007, reasonable attorney's fees are approximately $2,880.00.

5. Additionally, the great bulk of time spent after May 22, 2007, in seeking his attorney's fees was unnecessary activity by plaintiffs' counsel and therefore should not be remunerated.

6. Plaintiffs' counsel is not entitled to recover his expert witness fees.

7. Ford Motor Company is due $1,020.00 in attorney's fees and $180.00 in reporter fees for an improperly cancelled deposition.

Whether or not Mr. Feinman had a written contingency fee agreement does not affect his ability to obtain attorney's fees from Ford Motor Company. Mr. Feinman testified that his contingent fee agreement in this case was reduced to writing similar to other contingent fee agreements as shown in Plaintiffs' Exhibit 1. Ford Motor Company's assertion that the contingent fee letters in Plaintiffs' Exhibit 1 do not comply with the requirement of Rule 1.5(c) of the Virginia Rules of Professional Conduct is not germane to this ruling, and the Court does not determine that issue. However, as no writing for this case could be found, Mr. Feinman concedes a possibility that his usual understanding of one-third of the recovery, or $300.00 per hour, whichever was greater, may have been just an oral agreement with these plaintiffs. Ford Motor Company argues that such an oral contract is not enforceable because of the writing requirement of Rule 1.5(c) of the Virginia Rules of Professional Conduct. Assuming as true, that no written contingency agreement ever existed, Ford Motor Company is incorrect as to what effect that has upon Mr. Feinman's fee claim. The Preamble to the Virginia Rules of Professional Conduct states: "The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule." Va. Sup. Ct. R. pt. 6, sec. II. Even if there is a violation of Rule 1.5(c), such a finding is not an appropriate basis for a reduction of fees for which the defendant is responsible under § 59.1-207.14. *Norfolk Redevelopment & Housing Auth. v. C & C Real Estate, Inc.*, 72 Va. Cir. 464, 470 (2007).

Mr. Feinman may have the benefit of his agreement with the Plaintiffs and is not confined to a *quantum meruit* recovery. As Ford Motor Company cannot use any violation of the writing requirement of Rule 1.5(c) as a shield against an attorney's fee award, Mr. Feinman can rely upon his fee understanding with his clients. The only questions are whether his hourly rate and his time expended are reasonable.

The rate of $300.00 per hour in this case may constitute a reasonable rate. The expert for the defendant, Grimes Creasy, Esq., testified that a reasonable rate for this area under the Motor Vehicle Warranty Enforcement Act, is $200.00 per hour. The plaintiffs' expert, John Gayle, Esq., asserted that an experienced attorney who concentrates his practice in this field, may reasonably charge $300.00 per hour in Roanoke, and $360.00 per hour in the Metropolitan Richmond area. Mr. Feinman has focused on "lemon law" recovery cases for over twenty years, at the frequency of thirty to sixty per year. Utilizing the factors listed in *O'Neil v. Chrysler*, 54 Va. Cir. 64 (2000), a fee of $300.00 per hour for Mr. Feinman's work in this case is reasonable.

The fact that the requested attorney's fees in this case are 86% of the award is of no moment. Neither is the fact that most of the hours expended were to collect the attorney's fees. Many courts have consistently held that attorneys may be awarded, under statutory fee authorities, compensation for the expenses of, and time spent, litigating the issue of a reasonable fee. *Spicer v. Birth-Related Neurological Injury Comp. Program*, 48 Va. App. 613, 618, 633 S.E.2d 732 (2006). If an attorney is required to expend time litigating a fee claim, but is not compensated for that time, the effective rate for all the hours spent on the case will be correspondingly decreased. *Hollen v. Hathaway Elec., Inc.*, 213 W. Va. 667, 672, 584 S.E.2d 523, 528 (2003). Attorneys may become wary of taking cases where their fees are statutorily authorized. *Id.* This would not be in keeping with the remedial nature of the statute and the intent of the legislature.

Time expended in seeking a fee award is not without a reasonableness boundary. As was unfortunately apparent, there were, and continue to be, strong emotions on both sides of the attorney's fee issue. It is clear to the Court that this ardor unnecessarily increased the length of time spent on this case and was not confined to just one side of the courtroom. Mr. Feinman seeks 72.5 hours at $300.00 per hour for a total of $21,750.00. This amount will be reduced by 10% for the extra time spent in discovery disputes, which reduction reflects the Court's view of the approximately seven hours of billed time which were unnecessary in determining Mr. Feinman's fee. The Court awards reasonable attorney's fees in the amount of $19,575.00.

Expert witness fees and costs are allowed by statute. Mr. Feinman utilized the offices of an expert in this fee dispute. We have already recognized that compensate time for litigating an attorney's fee award is allowable. In a like extension, there is nothing in § 59.1-207.14 that limits expert witness testimony and fees to solely the issues of whether an automobile is a "lemon." As that statute is remedial, the use of an expert to obtain attorney's fees justly due should be compensable as well, to keep the playing field level. Mr. Feinman is awarded $2,340.00 for Mr. Gayle's testimony and $113.00 in court costs.

Mr. Feinman does not have to pay attorney's fees or court reporter costs for the rescheduled depositions in Richmond. There were depositions scheduled in this case on a Monday at 1:00 p.m. in Richmond, Virginia. Mr. Feinman had to reschedule these and sent a fax to Mr. Doherty during the preceding weekend, and his office called Mr. Doherty's office around 9:00 a.m. Monday. Mr. Doherty had left Roanoke for Richmond on Friday or Saturday and did not get the fax or telephone message and appeared at the deposition. His request for the defendant to be reimbursed for his time and court reporter costs is denied. Mr. Feinman did not act unreasonably in trying to get the rescheduling notice to Mr. Doherty.

Therefore, Mr. Feinman is awarded $19,575.00 in reasonable attorney's fees and $2443.00 in expert witness fees and court costs. Unless there is an appropriate supersedeas bond posted, Ford Motor Company is to have those amounts paid in full within thirty-one days after entry.